---

(4 App. Div. 282.)

### In re STUMPE'S ESTATE.

#### In re BOICE.

(Supreme Court, Appellate Division, Third Department.　April 14, 1896.)

JURISDICTION OF SURROGATE—PARTITION OF DECEASED DEBTOR'S LAND—PROTECTION OF PURCHASER.

A purchaser of a decedent's land at a sale in partition between the heirs, to which the administratrix was not a party, and the judgment in which recited that the proceeds are liable for decedent's debts, but did not in terms direct a sale free from debts, moved, in a proceeding afterwards instituted by the administratrix to sell such land for payment of debts, to "be subrogated to the rights of the creditors of said estate, by the payment into the court of the amount of the deficiency of said estate, sufficient to pay said creditors, with the costs of the same." *Held*, that such motion did not present a matter of equitable cognizance, and therefore the surrogate had jurisdiction.

Appeal from surrogate's court, Saratoga county.

Application by Winsor Boice, who had purchased, at a partition sale, land belonging to the estate of Charles Stumpf, deceased, for leave to pay into court a sum of money sufficient to pay the debts of decedent. The application was denied, and said Boice appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. P. Butler, for appellant.
G. H. Sturgess, for respondent.

LANDON, J.　This is an appeal from an order of the surrogate of Saratoga county, denying a motion made by Winsor Boice, a purchaser, upon a judgment sale in partition of the real estate of the deceased, for permission to pay into the surrogate's court a sum which, added to the proceeds of said sale already paid by him as said purchaser into said court, pursuant to the judgment in the partition action, will be sufficient to pay the debts of the intestate, and the costs of the creditors of his estate in the proceedings for the sale of his real estate for the payment of his debts, the surrogate having made his decree that said real estate be sold for that purpose, and also that said purchaser, upon such additional payment, be subrogated to the rights of said creditors. Winsor Boice, September 20, 1894, at a sale thereof, pursuant to an interlocutory judgment in partition, became the purchaser of the

premises of which the intestate, Charles Stumpf, died seised in fee. The sale was confirmed, and, pursuant to the judgment, Boice paid the purchase price, less the proper costs and expenses, into the surrogate's court of Saratoga county. The judgment in partition, in directing such payment, recited:

"There being existing debts owing by the intestate, Charles Stumpf, who owned said premises in his lifetime, and is the common ancestor of the present owners thereof, which debts exceed in amount the personal estate left by Charles Stumpf, to pay which debts said real estate hereinafter described is liable."

The judgment did not in terms direct that the real estate should be sold free from the debts of the intestate. Code Civ. Proc. § 1538. Nor was the administratrix of the intestate, as such, a party to the partition action, and she is not bound by the judgment. But his widow and all his heirs were parties. They are therefore bound by the judgment and sale. They have taken no appeal, nor have they made any motion to correct the judgment. So far as they are concerned, they must be deemed to consent or to have waived their right to object to the application of the proceeds of the sale of the real estate to the payment of debts in the same manner as if the proceeds had been realized upon a sale under the decree of the surrogate for that purpose.

Before the sale under the judgment in partition, the administratrix of Charles Stumpf, the owner at his death of the premises, instituted proceedings in the surrogate's court for the sale of his real estate for the payment of his debts. These proceedings resulted in the usual decree to that effect; whereupon Boice, the purchaser, under the judgment in partition, moved in the surrogate's court for an order "staying the sale of the said real estate of Charles Stumpf, deceased, and that the claims of creditors herein attach to the fund." Code Civ. Proc. § 2797. This motion, after hearing the parties in interest, the surrogate denied. This order was not appealed from, and we therefore assume that it was right.

Thus, Boice, the purchaser and owner of the real estate, was in this position: His land was liable to be sold under the surrogate's decree for the payment of the debts of the intestate. Obviously, there was but one way for him to save the lands he had purchased and paid for, and that was to pay the debts which were a lien upon them, or, what would be the same thing, to satisfy the surrogate's decree. The money he had paid into the surrogate's court for that purpose was not enough, but, so far as it would go, it was applicable for the purpose by his consent, and by the consent of the parties to the partition action, and no one else had the right to object. But the creditors had the right to claim full payment if they could realize it from the land under the surrogate's sale. Boice thereupon moved in the surrogate's court to "be subrogated to the rights of the creditors of said estate, by the payment into court of the amount of the deficiency of said estate, sufficient to pay said creditors with the costs of the same." The surrogate denied this motion, and the appeal brings this order before us for review.

The papers show that Boice had tried to ascertain the precise sum necessary to be paid, and had not succeeded. We think he is entitled to relief, if it can be granted. The surrogate could have fixed the approximate sum necessary to be paid to satisfy the creditors, and should have permitted Boice to pay it, and thus the surrogate would have had money enough in his court or under his control to satisfy the creditors, and thus they would have obtained their pay, and Boice would have held his land discharged of their liens. If, out of abundant caution, he should fix too large a sum, he would direct the surplus to be restored to the purchaser. That the surrogate's powers are ample to accept a satisfaction of his decree tendered by the party who must suffer by its enforcement would seem to be a matter of course. It would be a defect in the administration of justice if the owner of land could not pay off, and thus satisfy and discharge, overdue liens upon it, especially when the lienors threaten to sell his land because of nonpayment. The creditors, through the administratrix, object that this cannot be done in the surrogate's court, that it is a matter of equitable cognizance, and therefore not within the surrogate's jurisdiction. This objection is not well taken. If the surrogate can make a decree to secure payment, and issue his execution or orders to enforce it, such execution or orders are satisfied when payment is made; and when the person whose land is charged with the payment offers to make it as soon as he can find out how much is required, if it is practicable for the surrogate to give him the information, the law is not so unreasonable as to forbid. Section 2797, in providing that "in a proper case he must stay the order to execute the decree," taken in connection with section 2481, subsec. 11, authorizing the surrogate "to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred," is ample for the purpose. There is respectable authority to the same effect. Kowing v. Moran, 5 Dem. Sur. 56. Probably, there would have been no difficulty if the notice of motion had not mentioned "subrogation," a word implying equitable jurisdiction. Since the creator of these debts is dead, and the land in question is the only known fund for their payment, the owner of the land would not be helped if, upon payment, the debts were assigned to him. He does not need to be subrogated to the creditors' liens upon his real estate. He will have extinguished them by payment. If the purchaser adds enough to the fund in the surrogate's court, the creditors' liens will be satisfied from it. This will not affect their rights, but only their remedy, and they cannot complain, since the remedy will be ample.

Under the circumstances, we conclude to reverse the order of the surrogate's court, and remit the proceedings to that court, with the direction that the surrogate fix by his order the sum which, when added to that portion of the fund heretofore paid into the surrogate's court, pursuant to the judgment of the supreme court in the partition action, which is applicable under said judgment (after deducting therefrom, as directed in section 2793, the sum necessary to satisfy the dower right of the widow therein) to the

payment of the debts of Charles Stumpf, deceased, will be suffi-
cient for the payment of such debts and the costs of the proceed-
ings in the surrogate's court; and that, within 30 days thereafter,
the purchaser, Winsor Boice, may pay said sum, so fixed, into the
said surrogate's court, to the credit of the proceedings therein;
and that thereupon the surrogate distribute the whole fund ap-
plicable to the payment of said debts, as if realized from a sale
under his decree therein; and that, upon such payment by the
purchaser, such sale be stayed until distribution made, and, when
made, be stayed perpetually; if the purchaser shall not comply,
then his application to be dismissed, with costs, in which case our
further order is that the respondent have costs of this appeal.
All concur, except MERWIN, J., dissenting.